20-1745-cr
*United States of America v. Deutsch*

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty.

PRESENT:   JOSÉ A. CABRANES,
           BARRINGTON D. PARKER,
           REENA RAGGI,
                   *Circuit Judges.*

---

UNITED STATES OF AMERICA.,

                *Plaintiff-Appellant,*                              20-1745-cr

        v.

JONATHAN DEUTSCH,

                *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:          MEGAN FARRELL, Assistant United States Attorney, *(on the briefs)* DAVID C. JAMES, MARGARET LEE, and MEGAN FARRELL, Assistant United States Attorneys *for* RICHARD P. DONOGHUE, United States Attorney, Eastern District of New York, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:          MATTHEW B. LARSEN, Federal Defenders of New York, New York, NY.

1

Appeal from an order of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant the United States of America (the "Government") appeals the June 4, 2020 and July 1, 2020 orders of the District Court authorizing the release of Defendant-Appellee Jonathan Deutsch ("Deutsch") on bail pending trial on multiple counts of attempted and actual production of child pornography. The Government argues that the District Court erred when it (1) failed to consider that Deutsch's alleged crimes created a rebuttable presumption of pretrial detention under Bail Reform Act, 18 U.S.C. § 3142(e)(3), and (2) determined that the changing circumstances caused by the COVID-19 pandemic justified reversing its prior denial of bail. The Government seeks the reversal of the District Court's order and the entry of a permanent order of detention pending trial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's findings as to the accused's risk of flight and potential danger to the community for clear error." *United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011). Under this standard, we will reverse only if "on the entire evidence[,] we are left with the definite and firm conviction that a mistake has been committed." *United States v. Mattis*, 963 F.3d 285, 291 (2d Cir. 2020) (internal citations omitted). The Government has not shown that the District Court committed clear error here. Contrary to the Government's contention, a fair reading of the record as a whole shows that the District Court held Deutsch to his "limited burden of production," *id.* at 290 (internal citations omitted), under § 3142(e)(3) of the Bail Reform Act to rebut the presumption of detention. Furthermore, the District Court authorized Deutsch's release only after reasonably concluding, based on copious evidence and argument, that the conditions of release (including extensive electronic and physical monitoring by the Government) reasonably assured the safety of the community and guarded against the risk of flight. A review of the record does not leave us with a "definite and firm conviction" that the District Court erred. *Id.* at 291. Accordingly, we affirm.

## CONCLUSION

We have reviewed all the arguments raised by Plaintiff-Appellant on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 4 and July 1, 2020 orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk